IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIMBERLY GRAHAM,                    :

     Plaintiff,                       :

vs.                                 :    CIVIL ACTION 13-00249-CG-B

ALTLAS COPCO, *et al.,*             :

     Defendants.                      :

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendants' Motion to Dismiss (Doc. 9), Plaintiff's Motion to Amend Complaint (Doc. 17) and Plaintiff's Motion for Discovery (Doc. 19). Upon consideration, the undersigned recommends that the motions be denied as moot.

Turning first to Plaintiff's Motion to Amend Complaint, the undersigned observes that Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides in pertinent part that a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants filed their motion to dismiss on June 17, 2013, and they seek relief pursuant to Rule 12(b)and 12(e). Pursuant to Rule 15(a)(1)(B), Plaintiff had 21 days from the filing of Defendants' motion to amend her complaint as a matter of right.

The docket reflects that Plaintiff filed her motion seeking leave to amend her complaint on July 8, 2013, which is exactly 21 days after the filing of Defendants' motion. Because on July 8, 2013, Plaintiff was entitled to amend her complaint once as a matter of right, she did not require leave of Court. Accordingly, Plaintiff's Motion for Leave to Amend is denied as moot, and the Clerk is directed to enter Plaintiff's amended complaint on the record.

Turning next to Defendants' Motion to Dismiss, the Court finds that the motion is due to be denied as moot. Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion is moot. Pintando v. Miami-Dade Housing Agency, 501 F. 3d 1241, 1243 (11th Cir. 2007). ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.")(quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F. 3d 1210, 1215 (11th Cir. 2006)) (quotation marks omitted); see DeSisto College, Inc. v. Line, 888 F. 2d 755, 757-58 (11th Cir. 1989) (acknowledging as moot the denial of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the

parties' previous pleadings and the defendants' summary judgment and Daubert motions.").

Finally, in Plaintiff's Motion for Discovery (Doc. 19), she requests permission to conduct early discovery in order to address the issues raised in Defendants' Motion to Dismiss Plaintiff's Complaint. In light of the undersigned's recommendation that Defendants' motion should be denied as moot, Plaintiff's Motion for Discovery is rendered moot.

For the reasons set forth herein, the undersigned recommends that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9), Plaintiff's Motion to Amend Complaint (Doc. 17) and Plaintiff's Motion for Discovery (Doc. 19) be denied as moot.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the **10th** day of **July, 2013.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**