# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY GRAHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 13-0249-CG-B |
| ATLAS COPCO/QUINCY | ) |
| COMPRESSOR, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the report and recommendation of the Magistrate Judge (Doc. 20), the defendants' Atlas Copco North America, LLC ("ACNA") and Quincy Compressor, LLC ("Quincy Compressor") objection to the report and recommendation (Doc. 21), and the plaintiff Kimberly Graham's ("Graham") response in opposition (Doc. 22). The Magistrate Judge recommended that the defendants' motion to dismiss (Doc. 9), the plaintiff's motion to amend the complaint (Doc. 17) and the plaintiff's motion to conduct preliminary discovery (Doc. 19), be denied as moot. Specifically, the Magistrate Judge determined that because the plaintiff was entitled to amend her complaint once as a matter of right and without leave of court pursuant to Rule 15(a) of the Federal Rules Civil Procedure, the plaintiff's motion to amend the complaint was moot.[1] The Magistrate Judge reasoned

---

[1] Rule 15(a)(1)-(2) of the Federal Rules of Civil Procedure provides:

that the amended complaint superseded the original complaint mooting the motion to dismiss and motion to conduct preliminary discovery.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED IN PART** and **REJECTED IN PART** as the opinion of this Court, subject to the following additional discussion.

## **DISCUSSION**

The defendants object to the report and recommendation arguing that the superseding amended complaint did not cure the issues addressed in their motion to dismiss. Specifically, the defendants argue that the amended complaint fails to properly name any existing entity as a defendant or establish which defendant is responsible for each allegation in the suit. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to grant a

---

(1) A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

See Fed.R.Civ.P. 15(a). The plaintiff filed her motion to amend the complaint with leave of court exactly 21 days after the filing of the defendant's 12(b) motion to dismiss. (Doc. 20 at 2). The court also notes that the defendants have no objection to the plaintiff amending the complaint to clarify the proper parties. (Doc. 21 ¶ 15).

2

motion to dismiss when a complaint fails to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). To withstand a motion to dismiss, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The factual content of the pleading must allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

The original complaint named "Atlas Copco/Quincy Compressor, LLC" as the defendant.[2] (Doc. 1). In response to the defendants' motion to dismiss, the plaintiff sought to amend the complaint to add "Atlas Copco North America, LLC d/b/a Quincy Compressor, LLC" as the defendant. (Doc. 17). However, this entity does not exist. ACNA and Quincy Compressor are actually two separate entities. Quincy Compressor admitted to being a duly recognized, legal entity that employed the plaintiff, but there seems to be confusion regarding what "Atlas Copco" entity is the proper party to be sued. (Doc. 21-1). The plaintiff received numerous documents referencing "Atlas

---

[2] Although the plaintiff makes numerous references in the original complaint to a single defendant, she issued summonses and attempted to serve the two separate entities of Atlas Copco and Quincy Compressor. Atlas Copco is not a recognized company. It appears that the plaintiff attempted to serve Atlas Copco by serving CT Corporation, the registered agent for service of process for ACNA. The plaintiff first served ACNA and Quincy Compressor with only the summons, but she later cured this deficiency by serving the registered agent for ACNA and Quincy Compressor with both the summons and the complaint. (Docs. 4, 6). However, the defendants appear to contend that service against ACNA is still not perfected because they have not been properly named in the complaint.

3

Copco" during her employment.[3] At least eight different entities whose names incorporate "Atlas Copco" are registered with the Alabama Secretary of State, but "Atlas Copco North America, LLC" is not one of them. (Doc. 18-1 at 7-14). Atlas Copco's website states that it acquired Quincy Compressor, but ACNA denies that any parent, subsidiary or affiliate of Quincy Compressor ever employed the plaintiff.[4]

In order to determine the proper defendant to name in the amended complaint, the plaintiff requests that she be allowed to conduct preliminary discovery on the issues raised in the motion to dismiss. Under these circumstances, the court finds that such pre-discovery is warranted. See Fed.R.Civ.P. 26(d). This preliminary discovery will neither delay proceedings in the matter as an answer has not yet been filed nor will it prejudice the

---

[3] The plaintiff's Offer of Employment, Screening Questions for Salaried Recruitment and Atlas Copco Group Travel policy support the inference that some "Atlas Copco" entity is a proper party to the suit. (Doc. 18-1 at 16-17, 19). Although the plaintiff's Offer of Employment was on Quincy Compressor letterhead, the first sentence reads, "Atlas Copco is pleased to extend to you the opportunity to join Quincy Compressor as Environmental, Health and Safety Manger…" (Doc. 18-1 at 16-17, 19-24, 26-29). The letter goes on to say that the plaintiff "will be eligible to participate in the Atlas Copco benefits package" and most notably, "Welcome to Atlas Copco!" Id. The plaintiff sent her Screening Questions for Salaried Recruitment to persons with an Atlas Copco email address and later interviewed with these same people. (Doc. 18 at 19-24). Lastly, the Atlas Copco Group Travel Policy that the Plaintiff was required to follow referenced the name "Atlas Copco" over a dozen times. (Doc. 18-1 at 26-29).

[4] The plaintiff contends that ACNA and Quincy were her joint employers during the relevant time period. An article on Atlas Copco's website states that it has "agreed to acquire Quincy Compressor" and goes on to talk about how Atlas Copco looks "forward to working with Quincy Compressor and its strong distributor network." (Doc. 18-1 at 4). Atlas Copco's website also states that "Atlas Copco AB and its subsidiaries are sometimes referred to the Atlas Copco Group, the Group or Atlas Copco." (Doc. 18-1 at 12).

defendants. Thus, the plaintiff's motion to conduct preliminary discovery is due to be granted. Assuming the plaintiff amends the complaint to name the proper defendants once discovery on the matter is completed, the issues raised in the defendants' motion to dismiss will be cured and it will be due to be denied as moot.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's report and recommendation (Doc. 21) is **ADOPTED IN PART** to the extent that it finds the plaintiff's motion to amend the complaint (Doc. 17) denied as moot. The court also finds the plaintiff's motion to conduct preliminary discovery (Doc. 19) is due to be **GRANTED** and the defendant's motion to dismiss (Doc. 9) be **DENIED as MOOT** conditioned on the plaintiff's amending the complaint to name the proper defendants.

The matter is referred to the Magistrate Judge to enter an amended scheduling order to accommodate the preliminary discovery.

**DONE and ORDERED** this 19th day of September, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE